UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>v.<br><br>RAPS HAYWARD LLC,<br><br>    Defendant. | Case No. 17-cv-06167-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 9 |

Plaintiff Theresa Brooke has filed suit against Raps Hayward LLC, dba Pacific Euro Hotel ("PE Hotel"), asserting a violation of the Americans with Disabilities Act ("ADA"). Ms. Brooke alleges that she is disabled because she is confined to a wheelchair (having lost a leg). *See* Compl. ¶ 1. She also alleges that, as a result, she is not able to stay at a hotel unless it has certain features of an ADA-accessible room (*e.g.*, a roll-in shower, grab bars surrounding the toilet, etc.). *See* Compl. ¶ 10. Finally, she alleges that the PE Hotel has violated her rights because, when she tried to reserve an ADA-accessible room on the hotel's website, she was not able to do so – *i.e.*, the website does not give "the option of reserving ADA accessible rooms" and only "allows patrons to reserve *non*-accessible rooms." Compl. ¶ 14 (emphasis in original).

Currently pending before the Court is PE Hotel's motion to dismiss. Having considered the parties' briefs, the Court finds this matter suitable for resolution without oral argument and thus **VACATES** the hearing on the motion. PE Hotel's motion is hereby **DENIED**.

The gist of the hotel's motion is that Ms. Brooke has failed to state a claim for relief because a website is not a public accommodation. But PE Hotel has mischaracterized the basis of Ms. Brooke's complaint. Ms. Brooke does not contend that a website is a public accommodation. Rather, as noted above, her position is that PE Hotel has violated the ADA because its website

1 does not give "the option of reserving ADA accessible rooms" and only "allows patrons to reserve

2 *non*-accessible rooms." Compl. ¶ 14 (emphasis in original). In other words, as she states in her

3 opposition brief, "the website operates to deprive [her] of equal and full access to the goods and

4 services offered at the hotel."[1] Opp'n at 2.

5 As Ms. Brooke points out, her legal theory is viable under 28 C.F.R. § 36.302, which

6 provides in relevant part as follows:

> (a) General. A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.
>
> . . . .
>
> (e) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made *by any means*, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms *during the same hours and in the same manner* as individuals who do not need accessible rooms . . . .
>
> (ii)

20 28 C.F.R. § 36.302 (emphasis added). At least one other district court has recognized the viability

21 of the same exact claim (also brought by Ms. Brooke).[2] *See, e.g.*, *Brooke v. Bhakta*, No. 2:17-cv-

22 2663-HRH, 2017 U.S. Dist. LEXIS 193432 (D. Ariz. Jan. 21, 2017). In addition, a judge in this

23 District has recognized the viability of a similar claim. *See Nat'l Fed'n of the Blind v. Target*

---

[1] Ms. Brooke underscores that the ability to make a reservation online is important because telephone reservation "generally [has] finite operational hours." Compl. ¶ 18. Also, there can be "discounted rates for online bookings." Opp'n at 3.

[2] The Court takes judicial notice of the fact that Ms. Brooke has filed dozens of lawsuits in this District. She also appears to have filed a plethora of cases in the Central District of California (approximately 200), the Eastern District of California (almost 70), the Southern District of California (approximately 60), and the District of Arizona (almost 200).

*Corp.*, 452 F. Supp. 2d 946, 952 (N.D. Cal. 2006) (Patel, J.) (noting that plaintiff's legal theory was not that Target.com is a place of public accommodation; rather, legal theory was that "unequal access to Target.com denies the blind the full enjoyment of the goods and services offered at Target stores which are places of public accommodation").

Accordingly, PE Hotel's motion to dismiss is denied. PE Hotel has three weeks from the date of this order to respond to the complaint. The initial case management conference is hereby rescheduled for **9:30 a.m.** on February 1, 2018.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: January 18, 2018

_____
EDWARD M. CHEN
United States District Judge